IN THE MATTER OF THE INHERITANCE TAX UPON THE
ESTATE OF SAMUEL GRABFELDER, DECEASED.

Submitted October 31, 1930—Decided February 2, 1931.

The decision in this case is affirmed for the reasons given
by Vice-Ordinary Buchanan when the question appealed was
before him, and not for the reason given by the Supreme
Court in its *per curiam* on the *certiorari* from the Prerogative
Court. The opinion of the vice-ordinary was as follows:

"Samuel Grabfelder died in April, 1920, a resident of New
Jersey. In determining the transfer inheritance tax payable
by his estate the comptroller assessed as taxable under the
statute a gift or transfer of securities of the value of some
$280,000, made by decedent to his wife in August, 1918. The
issue on this appeal by the executors is as to whether or not
the comptroller erred in his determination that that transfer
was taxable.

"The burden on the appeal is on appellants. It is the con-
clusion of this court that they have failed to sustain such
burden; that they have failed to show that the comptroller
erred in adjudging the transfer in question to be a gift made
in contemplation of death.

"It appears from the record that the transfer was a gift;
that it was of a material portion of his estate (about nineteen
per cent.); that he was seventy-three years old at the time;
that he died about a year and a half after the transfer, of
heart disease.

"There is also evidence in the record to show that he had
heart disease, and knew it, for some time before the transfer.
There is evidence in contradiction of this also, but when it is
weighed, with the consideration of the interest and lack of
interest of the respective witnesses, it assuredly cannot be said
that an affirmative finding on this point would be unjustified.

"The evidence further shows that the transfer was made in the place and stead of a testamentary gift. Decedent had made a will about two years before; he had made another will about two months before this gift, in which he provided for his wife by giving her $100,000 and a life interest in a fund of $500,000. On the day he made the gift, he executed a codicil reducing the fund to $200,000, and expressly recites as the reason therefor the making of the $300,000 gift.

"There is another bit of evidence which is not without considerable significance and weight.

"One of the decedent's lawyers testified that for four or five years before the gift, decedent had been talking about making a gift to his wife so as to make her independent. Another lawyer says that at the time of the gift decedent came to him and said he wanted to make the gift, that he had 'always' intended to make her such a gift, and he had now concluded to make the gift instead of giving it by will, because he could thereby reduce the high surtaxes on his income taxes. At the time he made the gift he wrote a letter to his wife saying: 'Carrying out an intention of long standing I have decided to make you an outright gift of the following bonds, my purpose being to render you financially independent of me during your life.'

"Now, it appears that the wife was a chronic invalid; that decedent had been wealthy for many years; had retired from business eighteen years before; that he had always taken care of her bills, gifts and business affairs; that he did so after the gift except that she signed some checks on the account opened in her name.

"The fact that he had been considering the making of a gift to his wife all those years, and that he had been perfectly able to do so all the while, and had not done so, is indicative that the desire to make her financially independent was not the thing which actually caused him to make the gift, when he finally made it. The fact that he unnecessarily wrote the letter, expressing that as the only reason for the gift (omitting even the reference to saving surtax on income tax), justifies an inference that the letter was 'camouflage.'

There was no need for him to write such a letter or any letter; he was living with his wife at the time—he expected to go right back to her the same day, as he in fact did, and tell her about it.

"It cannot be said under all the evidence that the comptroller erred in finding that the gift so long withheld and finally made in substitution for a testamentary gift, was made in the contemplation of the real possibility of death in the not distant future, and in lieu of a testamentary bequest.

"It is scarcely necessary to say that even if the saving of surtaxes was a factor considered by decedent in concluding to make the gift, that does not prevent the gift from being a transfer made in contemplation of death.

"The tax will be affirmed."

For the appellant, *Henry Swartz, Meyer Kraushaar* and *Jesse Climenko* (of the New York bar, on the brief).

For the respondent, *William A. Stevens,* attorney-general.

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the opinion delivered by Vice-Ordinary Buchanan in the Prerogative Court.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.